UNITED STATES of America,
Appellee,

v.

Grigoriy POLYAKOV, Sergey Shishkin,
Defendants–Appellants.

Nos. 07–4928–cr(L), 08–0868–cr(CON).

United States Court of Appeals,
Second Circuit.

Feb. 17, 2009.

Sally J.M. Butler, Bayside, NY, for Defendant–Appellant Grigoriy Polyakov.

Albert Y. Dayan, Kew Gardens, NY, for Defendant–Appellant Sergey Shishkin.

Justin Lerer, Assistant United States Attorney (Benton J. Campbell, United States Attorney, on the brief, Susan Corkery, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, Circuit Judges and JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Defendants Grigoriy Polyakov and Sergey Shishkin appeal from judgments of the District Court, entered on November 2, 2007 and February 13, 2008, respectively, convicting them after a joint jury trial. Polyakov was convicted of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371, and was sentenced principally to 15 months' imprisonment. Shishkin was also convicted of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371, and four substantive counts of visa fraud, in violation of 18 U.S.C. § 1546(a), and was sentenced principally to 33 months' imprisonment. We assume the parties' familiari-

ty with the factual and procedural history of the case.

On appeal, defendants make the following arguments. Polyakov argues that (1) he was denied his Sixth Amendment right to compulsory process and his Fourteenth Amendment right to due process; (2) the District Court erred in failing to give the jury a missing witness instruction; (3) the government failed to prove that an overt act was committed within the statute of limitations; (4) the District Court erred in failing to grant his severance motion; and (5) the District Court erred in permitting the government to elicit an in court identification by a particular witness. Shishkin argues that (1) his conviction was not supported by sufficient evidence and was in violation of his Fifth Amendment right to due process; (2) the indictment failed to charge a crime under 18 U.S.C. § 1546; (3) comments made by the government in its rebuttal summation require a reversal of his conviction; and (4) the District Court erred in applying U.S.S.G. § 2L2.1 instead of § 2B1.1 and in "improper use of upward departures." We consider each argument in turn.

▇ Polyakov's claim that the government denied him of his rights under the Sixth and Fourteenth Amendments by not making certain individuals available as witnesses fails because the record shows that the government provided the individual's contact information, in what Polyakov told the District Court was a "satisfactory response" to his request, and that Polyakov located some of the witnesses but chose not to subpoena them. *See U.S. v. Taylor,* 562 F.2d 1345, 1361 (2d Cir.1977) (finding no error where counsel failed to timely request subpoena). With respect to the other witnesses, Polyakov identifies noth-

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ing in the record indicating that he ever asked for and was improperly denied additional assistance locating them, or that the government in any way brought about the witnesses' absence. *See United States v. Desena,* 287 F.3d 170, 176 (2d Cir.2002). Polyakov's request for a missing witness jury instruction likewise was properly denied because the witnesses in question were not peculiarly within the government's control. *United States v. Caccia,* 122 F.3d 136, 138 (2d Cir.1997).

■ With respect to Polyakov's claim that Form I–539 does not require a residential address in every case, the evidence was sufficient—when viewed as a whole, in the light most favorable to the government, and with all reasonable inferences drawn in the government's favor, *United States v. Matthews,* 20 F.3d 538, 548 (2d Cir.1994)—for the jury to conclude that Pronina's I–539 deceptively presented Tuscan's address as her own, and, in any event, that the filing of the I–539 was an overt act in furtherance of the conspiracy. *See United States v. LaSpina,* 299 F.3d 165, 177 & 182 (2d Cir.2002) (noting overt act need not be specifically described in indictment when part of "overall scheme," and need not be a crime itself).

■ Further, the District Court did not abuse its discretion in refusing to sever Polyakov's trial from Shishkin's because the decision did not unfairly prejudice Polyakov. *See United States v. Stirling,* 571 F.2d 708, 733 (2d Cir.1978). Nor did the District Court err in allowing Pirozhkova's in-court identification of Polyakov, because the totality of the circumstances, including Pirozhkova's testimony of extensive contact with Polyakov and accurate pre-trial description of him, indicate that the identification was independently reliable. *See United States v. Salameh,* 152 F.3d 88, 126 (2d Cir.1998).

■■ With respect to Shishkin, the evidence was more than sufficient to support

his conviction, and included, in addition to the substantial documentary evidence, testimony by at least two witnesses, Nigmatulin and Petrenko, that Shishkin helped them prepare false applications for student visas. *Matthews,* 20 F.3d at 548. The Superseding Indictment tracked the language of the fourth paragraph of 18 U.S.C. § 1546(a) and thereby adequately charged a violation of that statute. *Compare* Superseding Indictment ¶ 9 *with* 18 U.S.C. § 1546(a). In addition, the government's comments on rebuttal summation regarding the defense's failure to substantiate the theory it advanced did not give rise to reversible error because "[t]he prosecutor is entitled to comment on a defendant's failure . . . to support his own factual theories with witnesses" and this was not a case in which "the jury naturally and necessarily would interpret the summation as a comment on the failure of the accused to testify." *United States v. Bubar,* 567 F.2d 192, 199 (2d Cir.1977) (internal quotation marks omitted). Finally, the District Court correctly applied U.S.S.G. § 2L2.1 to Shishkin's conviction for violating 18 U.S.C. § 1546(a). *See* U.S.S.G.App. A (providing that §§ 2L2.1 and 2L2.2 apply to violations of 18 U.S.C. § 1546).

Because we have carefully reviewed each of the defendants' arguments on appeal and found them to be without merit, the judgments of the District Court are **AFFIRMED.**